# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| ROBERTO PULIDO, | ) | CASE NO. 4:11cv1920 |
| | ) | |
| PETITIONER, | ) | JUDGE SARA LIOI |
| | ) | |
| vs. | ) | |
| | ) | MEMORANDUM OF OPINION |
| | ) | AND ORDER |
| ROBERT FARLEY, WARDEN, | ) | |
| | ) | |
| | ) | |
| RESPONDENT. | ) | |

*Pro se* petitioner Roberto Pulido filed the above-captioned Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. Petitioner, who is incarcerated at the Federal Correctional Institute in Elkton, Ohio ("FCI Elkton"), names FCI Elkton Warden Robert L. Farley as Respondent. He asserts he has been held in the Special Housing Unit ("SHU") since June 8, 2011.[1] For the reasons set forth below, the Petition is **DISMISSED**.

## Background

On June 8, 2011, Petitioner was escorted from his work detail to the SHU. A copy of the lock-up orders he was provided explained he would remain in SHU's administrative detention pending an SIS investigation. Petitioner believed his placement in SHU was prompted by a food strike at FCI Elkton on May 18, 2011. The strike resulted in

---

[1] The inmate locator on the website of the Federal Bureau of Prisons identifies Petitioner's place of incarceration as Allenwood Federal Correctional Complex in White Deer, Pennsylvania. However, since Petitioner has not notified the Court of any change of address, the Court has proceeded with this petition as if Petitioner were still at FCI Elkton.

a 10-day lockdown at the prison, followed by a series of SIS investigations to identify possible organizers.

The supervisor of SIS, Lieutenant Butts, advised Petitioner on June 14, 2011 that he had been observed on videotape telling another inmate not to volunteer for work during the lockdown. Lieutenant Butts explained that Petitioner would be formally interviewed after viewing the videotape.

The interview did not take place. Instead, on June 28, 2011, Lt. Butts stated no disciplinary report or sanction would be imposed against Petitioner. As such, it would not be necessary for him to view the tape. Lt. Butts allegedly explained that the warden ordered Petitioner's transfer to another low security facility. The order was allegedly prompted by a new BOP policy to transfer FCI Elkton inmates who meet the following criteria: "1. Have been at FCI Elkton for more than three years. 2. Have more than three years left to serve on a sentence, and 3. Have had their names cross the SIS desk in the past." (Pet. at 2.) Petitioner protested that he only met one of the three criteria, namely, that he has more than three years left to serve his sentence. Lt. Butts advised that it was an order of the warden over which he had no control. He expected Petitioner would be transferred within six weeks.

Petitioner asked the segregation review officer, Lt. McCandless, why he was still detained in SHU. Lt. McCandless stated that the executive staff did not provide him an explanation and he did not plan to inquire any further.

Sometime thereafter, the unit counselors informed Petitioner that all transfers were denied. Any requests for transfer would need to be resubmitted. Petitioner's

unit manager explained that all transfers will be "deferred until further notice." Until a transfer is secured, Petitioner was told he will remain in SHU.

On the Habeas Corpus Form Petitioner submitted with his Petition he explains he "[s]ubmitted grievances on 7.9.11 and 8.9.11 and have received no answers." However, in his Petition before this Court, he concludes that "[a]ll requests for forms have been ignored or plainly denied." (Pet. at 4.) Whichever version applies, it is clear Petitioner does not know when he will be released from SHU.

Petitioner asserts that because the SIS investigation is complete and he has not been charged with a disciplinary infraction, respondent has no cause to keep him in administrative custody. He complains his access to the courts has been impeded because he is limited to one hour in the law library every fifteen days. He states he has no access to religious services, educational programming or work programming. Finally, Petitioner maintains his delayed release back into the general population is the result of an "improper manipulation of Petitioner's Request for Transfer Form (BOP Form 409) and custody classification score." (Pet. at 4.)

**Standard of Review**

A court is required to award an application for writ of habeas corpus "unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243. The Sixth Circuit has consistently held that "[t]he burden to show that he is in custody in violation of the Constitution of the United States is on the prisoner. *Allen v. Perini*, 424 F.2d 134, 138 (6th Cir. 1970) (citing *Jones v. Russell*, 396 F.2d 797 (6th Cir. 1968); *Gray v. Johnson*, 354 F.2d 986 (6th Cir. 1965). Petitioner has not met his burden.

**28 U.S.C. § 2241**

For prisoners challenging the "legality or duration" of confinement a habeas corpus proceeding is the proper mechanism. *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). The writ of habeas corpus is directed "to the person having custody of the person detained." 28 U.S.C. § 2243; *see Braden v. 30th Judicial Circuit Ct. of Ky.*, 410 U.S. 484, 494-95 (1973) ("The writ of habeas corpus does not act upon the prisoner who seeks relief, but upon the person who holds him in what is alleged to be unlawful custody.") Therefore, a court has jurisdiction over a habeas corpus petition only if it has personal jurisdiction over the petitioner's custodian. *Braden*, 410 U.S. at 495. Because Petitioner's custodian is the warden at FCI Elkton, located within the Northern District of Ohio, this Court has personal jurisdiction over his custodian. *See Roman v. Ashcroft*, 340 F.3d 314, 319 (6th Cir. 2004) (prisoner's proper custodian for purposes of habeas review is the warden of the facility where he is being held).

**Petitioner is Not Entitled to Habeas Relief**

A prisoner may seek relief under federal law through two avenues: "a petition for habeas corpus, . . . and a complaint under the Civil Rights Act of 1871 . . ., 42 U.S.C. § 1983." *Muhammad v. Close*, 540 U.S. 749, 750 (2004). It is the prisoner's alleged injury, however, that dictates which avenue of relief he or she must pursue. For prisoners who assert they are being held beyond their lawful term of confinement, only habeas relief is available. *See* 28 U.S.C. § 2241(c)(3). If, however, a prisoner asserts the conditions under which he is being held violate the Constitution, he must pursue a civil rights complaint to seek relief from federal court.

As a threshold matter, there is generally no inherent constitutional right to remain free of administrative detention. *See Hewitt v. Helms*, 459 U.S. 460, 468 (1983). Therefore, the single fact that Petitioner is being confined in SHU does not bring the matter within the fold of a habeas claim. The length of Petitioner's prison term remains unchanged.

Here, Petitioner instead seeks fuller access to commissary privileges, library use and religious services. These claims, again, have no bearing on the length or duration of his imprisonment. *See Preiser*, 411 U.S. at 499; *Hernandez-Pineda v. Lappin*, No. 4:11 CV1377, 2011 WL 6318514, at *3 (N.D. Ohio, Dec. 16, 2011) (outlining the essence of a habeas petition). All of Petitioner's complaints focus on changes in the condition of his confinement since being placed in SHU. As noted above, challenges to the conditions of a prisoner's confinement, but not the fact or length of his custody, are best addressed in a civil rights action under 42 U.S.C. § 1983 or *Bivens v. Six Unknown Named Agents of Fed. Bur. of Narcotics*, 403 U.S. 388 (1971). *See Preiser*, 411 U.S. at 499; *Okoro v. Scibana*, No. 99-1322, 1999 WL 1252871, at *2 (6th Cir. Dec. 15, 1999) (conditions of confinement claims are not the type of claims that should be brought in a habeas corpus petition). Petitioner has not asserted any claim suggesting he is entitled to habeas relief.

**Conclusion**

For the foregoing reasons, this action is **DISMISSED** pursuant to 28 U.S.C. § 2243.[2] The Court certifies that an appeal from this decision could not be taken in good faith.[3]

**IT IS SO ORDERED**.

Dated: March 29, 2012

**HONORABLE SARA LIOI**
**UNITED STATES DISTRICT JUDGE**

---

[2] The statute provides, in relevant part: "A court, justice or judge entertaining an application for a writ of habeas corpus shall forthwith award the writ . . . , *unless it appears from the application that the applicant or person detained is not entitled thereto*." 28 U.S.C. § 2243 (emphasis added).

[3] 28 U.S.C. § 1915(a)(3) provides: "An appeal may not be taken *in forma pauperis* if the trial court certifies that it is not taken in good faith."